POWERS, KIRN & ASSOCIATES, LLC
By: Jill Manuel-Coughlin, Esquire
ID# 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Matthew Rosato<br>                            Debtor<br>WELLS FARGO BANK, N.A.<br>                            Movant<br>                    v.<br>Matthew Rosato<br>Sarah F. Rosato (CoDebtor)<br><br>William C. Miller, Esquire<br>                           Respondents | Chapter 13 Proceeding<br><br>16-16576 JKF |

## STIPULATION IN SETTLEMENT OF
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Jill Manuel-Coughlin, Esquire on behalf of secured creditor, WELLS FARGO BANK, N.A. ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 110 Noble Lane, Gilbertsville, PA 19525, mortgage account ending with 6816.

3. Upon approval by the United States Bankruptcy Court of the within Stipulation, Debtor and Movant, agree to the following:

    (a) Parties acknowledge that the current regular monthly post-petition payment is **$1,610.11** per month.

    (b) Parties acknowledge that the following amounts are currently due post-petition:

    | | |
    |---|---|
    | Monthly Payments: 11/1/2016 – 5/1/2017 | $11,270.77 |
    | *Less down payment to be made by 5/31/2017:* | ($1,610.11) |
    | Less Debtor Suspense: | ($0.00) |
    | **Total Post-Petition Arrearage to be added to Ch.13 Plan:** | **$9,660.66** |

    (c) Commencing with the 6/1/2017 payment the Debtor shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note & Mortgage.

(d) On or before 5/31/2017, Debtor shall make a down-payment to Movant in the amount of **$1,610.11**. This payment shall be applied to the post-petition arrears as shown in paragraph 3 (b) above.

(e) Debtor agrees to Amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of **$9,660.66**, representing all arrearages due though 5/22/2017. Debtor agrees to amend the Chapter 13 Plan within thirty (30) days of the filing of this Stipulation. The parties agree that Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

(f) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(g) All post-petition payments from Debtor to Movant shall be sent to Wells Fargo Bank N.A., Attention: Bankruptcy Payment Processing/MAC #X2302-04C, One Home Campus, Des Moines, IA 50328.

(h) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law.

(i) The Debtor shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, or if the case should convert to a Chapter 7 Bankruptcy, Movant may provide the Debtor and their counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay without further notice and hearing and waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

(j) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

Brad J. Sadek, Esquire
Attorney for Debtor
Date:

**NO OBJECTION** *

William C. Miller, Esquire
Trustee
Date: 6/4/17

/s/ Jill Manuel-Coughlin, Esquire
Jill Manuel-Coughlin, Esquire
Attorney for Movant
Date:

On this ___ day of _____, 2017, approved by the Court.

_____
United States Bankruptcy Judge
Jean K. FitzSimon

**\*without prejudice to any trustee rights or remedies**