IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: MATTHEW ROSATO )<br>**Debtor(s)** )<br> ) <br>AMERICAN HONDA FINANCE )<br>CORPORATION d/b/a HONDA FINANCIAL )<br>SERVICES, ADMINISTRATOR FOR )<br>HONDA LEASE TRUST )<br>**Movant** )<br> )<br>v. )<br> )<br>MATTHEW ROSATO )<br>**Respondent(s)** )<br> )<br>WILLIAM C. MILLER )<br>**Trustee** ) | CHAPTER 13<br><br>Case No.: 16-16576 (ELF)<br><br>**Hearing Date:  9-20-17 at 9:30 AM**<br><br>11 U.S.C. 362 |

### STIPULATION OF SETTLEMENT OF MOTION OF AMERICAN HONDA FINANCE CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

This matter having been brought before the Court on a Motion For Relief From The Automatic Stay by William E. Craig, Esquire, attorney for American Honda Finance Corporation, and the Debtor having opposed such Motion through his counsel, Brad J. Sadek, Esquire and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

### 2015 Honda Odyssey:

1. That American Honda Finance Corporation ("Honda") is the owner and lessor of a 2015 Honda Odyssey bearing vehicle identification number 5FNRL5H46FB040287 being operated by the Debtor.

2. That the parties agree that the Debtor's account is delinquent through September 2017 in the amount of $3,747.46; that with the addition of counsel fees and costs for the instant Motion in the amount of $551.00, the total amount to be cured is $4,298.46

3. That the Debtor is to cure this arrearage by making his regular monthly payment of $459.30 plus an additional $716.41 (total payment of $1,175.71), for the months of October 2017 through March 2018 directly to Honda.

4. That commencing October 2017, if the Debtor fails to make any payment to Honda within thirty (30) days after it falls due, Honda may send, via facsimile and regular mail, the Debtor and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

5. That at the end of the lease the Debtor must either surrender the vehicle or purchase it in accordance with the lease end purchase option. Honda shall be entitled to immediate stay relief upon lease maturity, and may repossess (if necessary) and sell said vehicle without further application to the Court. The terms of this paragraph are deemed to be self-executing in nature.

**2016 Honda Accord:**

6. That American Honda Finance Corporation ("Honda") is the owner and lessor of a 2016 Honda Accord bearing vehicle identification number 1HGCR2F78GA135896 being operated by the Debtor.

7. That the parties agree that the Debtor's account is delinquent through August 2017 in the amount of $2,906.16; that with the addition of counsel fees and costs for the instant Motion in the amount of $350.00, the total amount to be cured is $3,256.16

8. That the Debtor is to cure this arrearage by making his regular monthly payment of $464.09 plus an additional $814.04 (total payment of $1,278.13), for the months of September 2017 through December 2017 directly to Honda.

9. That commencing September 2017, if the Debtor fails to make any payment to Honda within thirty (30) days after it falls due, Honda may send, via facsimile and regular mail, the Debtor and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

10. That at the end of the lease the Debtor must either surrender the vehicle or purchase it in accordance with the lease end purchase option. Honda shall be entitled to immediate stay relief upon lease maturity, and may repossess (if necessary) and sell said vehicle without further application to the Court. The terms of this paragraph are deemed to be self-executing in nature.

11. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Brad J. Sadek
Brad J. Sadek
Attorney For Debtor

/s/ William E. Craig
William E. Craig, Esquire
Attorney for American Honda Finance Corporation